**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SECURA INSURANCE, | ) | |
| | ) | Civil Action No.   4:20-cv-1436 |
| Defendant. | ) | |
| | ) | |
| Serve at: | ) | |
| Missouri Department of | ) | |
| Commerce & Insurance | ) | |
| Harry S. Truman State | ) | |
| Office Building | ) | |
| 301 W. High St., Room 530 | ) | |
| Jefferson City, MO 65101 | ) | |

**COMPLAINT**

COMES NOW the United States, on behalf of its agency, the United States Department of

Veterans Affairs, pursuant to 42 U.S.C. § 2651, et seq. and 38 U.S.C. § 1729, by its attorneys

Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jane Berman

Shaw, Assistant United States Attorney for the same district, and in support of its Complaint

against Secura Insurance states as follows:

**PARTIES**

1.      The United States Department of Veterans Affairs ("VA") is an agency of the

United States that provides benefits and medical care to United States military veterans.  The

VA's central office is located at 810 Vermont Avenue NW, Washington, DC 20420 and it conducts

business in Missouri.

2.      Defendant Secura Insurance ("Secura") is a foreign insurance company organized and existing under the laws of the State of Wisconsin, with its principal place of business in the State of Wisconsin, and it is therefore a corporate citizen of the State of Wisconsin, and at all times relevant herein was authorized to do business in the State of Missouri.

3.      Non-Party Jackie R. Morgan ("Morgan") is a United States veteran, who at all relevant times herein was a resident of the State of Missouri.

**JURISDICTION, VENUE AND TIMELINESS**

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345.  This Court has personal jurisdiction over defendant because it does business, resides in and/or committed the alleged conduct in this District.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

6.      This action is timely.

a.      Medical Care Recovery Act, 42 U.S.C. § 2651, et seq. and 38 U.S.C. § 1729. The United States may bring an action such as this within three years of its accrual, (28 U.S.C. § 2415 *et seq.*), subject to the limitations delineated within 28 U.S.C. § 2416, which provides that excluded from this three-year period are period(s) of time when "facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act under the circumstances."   28 U.S.C. § 2416(c).   The three year statute of limitation period began January 18, 2018, when the VA Revenue Law Group, the division charged with enforcing subrogation interests and collecting monies owed to the VA,

2

learned of the vehicle collision, resulting medical care and costs, and the

tort action at issue herein.

b.     Unjust Enrichment.   The United States may bring an action for unjust

enrichment within six years.    28 U.S.C. § 2415(a).    This statute of

limitations is also subject to the tolling provision described immediately

above within No. 3.a.   28 U.S.C. § 2416(c).

## LEGAL AUTHORITY

7.     This Complaint is filed pursuant to the Medical Care Recovery Act, 42 U.S.C. §

2651, et seq. and 38 U.S.C. § 1729.   The United States has the right to collect from third party

payers reasonable medical expenses for care it provided at Government expense.

8.     Title 42 U.S.C. § 2651(a) establishes the right of the Government to recover from

a third person tortfeasor who causes injury or illness, resulting in hospital or medical care being

furnished by the Government.

9.     With 42 U.S.C. § 2651, Congress intended that the tortfeasors liable to the injured

or ill receiving medical care from the United States should also be liable to the United States.

10.    At all relevant times, Non-Party Morgan, as a United States veteran, was entitled

to, and received, medical and hospital care and treatment from or paid by the United States

pursuant to 38 C.F.R. § 17.38.

11.    The VA is not required to give notice of its claim.

12.    The United States is not a subrogee and state law does not apply, as its statutory

right of recovery is independent of Morgan's claims or cause of action against Secura or its

insureds.

13.     Because the United States' right of recovery is independent, it is not precluded from pursuing its claim by any settlement between Morgan, the tortfeasor or Secura.

## FACTS

14.     Non-Party Jackie R. Morgan is a United States veteran.

15.     On or about September 14, 2015, in St. Louis County, Missouri, Morgan was involved in a vehicle collision (the "collision") with Donald Clinton Matlock ("Matlock" or "tortfeasor") of Cadet, Missouri.

16.     This collision was the subject of Missouri Highway Patrol Accident Report No. 150579214.

17.     As a direct and proximate result of the collision and the resulting injuries sustained by Morgan, Morgan received medically necessary and reasonable treatment and medical care from the VA, or paid for by the VA, in the amount of $333,649.25.

18.     At the time of the collision, Matlock was driving a tractor trailer owned by Hall Hauling, LLC ("Hall Hauling") located at 6120 Creech Lane, Troy, MO 63379.

19.     Matlock and/or Hall Hauling were insured at the time of the collision by Defendant Secura under Policy No. 20A0031388715000 - and possibly under additional Secura policies and/or insurance coverage.

20.     The United States furnished and paid for the care and treatment Morgan received as a result of Secura's insureds' negligence.   The United States' claims herein are not a derivative right.

21.     On January 18, 2019, counsel for Morgan first notified the VA Revenue Law Group, the group charged with enforcing the VA's subrogation interests, of Matlock and Hall Hauling's collision and the related tort liability.

4

22.     In this January 18, 2019 notification, counsel for Morgan specifically notified the VA that:

"On September 14, 2015, Mr. Jack Morgan was traveling southbound on Interstate 270 approaching Sappington Road in St. Louis, Missouri, when [Secura's] insured tractor trailer driver attempted to change lanes and struck the left rear side of Mr. Morgan's vehicle.  The impact caused Mr. Morgan's vehicle to slide and rotate in a counter-clockwise manner in front of the tractor trailer.  Mr. Morgan's vehicle spun into the rear left side of the tractor trailer and then slid off the left edge of the roadway and struck the center concrete traffic barrier.  Mr. Morgan's vehicle continued to slide around the Interstate and hit the center concrete traffic barrier a total of five times [from which he sustained injuries to his] cervical and lumbar spine."

23.     On April 19, 2019, counsel for Morgan requested that the VA agree to accept a reduced amount it was owed as a result of Morgan's collision.

24.     Because of the high cost of Morgan's medical care, before considering whether a cost reduction was appropriate, the VA was required, among other things, to obtain information concerning all relevant insurance coverage, the limits of liability and excess insurance coverage.

25.     Morgan's attorney indicated to the VA he had no independent knowledge of the amount of insurance applicable to the collision.

26.     Secura refused to disclose to the VA information pertaining to its insureds' coverage which may be relevant to the collision, and claimed it was confidential information.

27.     A demand for payment made by the VA Revenue Law Group was sent on September 11, 2019 to both Secura and Morgan's attorney, when it was believed Secura and Morgan may have been negotiating and/or entering into a settlement without notifying the VA, without including the VA in these conversations and negotiations, and without reimbursing the VA.  (Ex. A)

28.     On September 27, 2019, Secura, through counsel, responded to the VA's September 11, 2019 demand by stating that Secura was not obligated to reimburse the VA for costs incurred

by the VA associated with Morgan and the collision, incorrectly asserting the statute of limitations had expired on or around September 15, 2018.

29.    As a direct and proximate result of the collision, on or around November 14, 2019, defendant Secura, along with Matlock and Hall Hauling, entered into a settlement with Morgan through which it is believed that Secura paid Morgan the sum of $100,000 from which Morgan's attorney received $33,333.33 and costs of $5,284.40 were also deducted.

30.    To date, the VA has received no reimbursement for the $333,649.25 associated with the medical treatment needed by Morgan as a result of the collision, described *supra* within Par. 17.

31.    Defendant Secura is responsible for the payment or reimbursement of Morgan's medical expenses incurred by the United States.

32.    Defendant Secura has refused to provide to the VA insurance policy information applicable to the collision, including limits of liability and excess coverage on the vehicle and insureds, claiming this information is confidential.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment under 42 U.S.C. § 2651, et seq. and 38 U.S.C. § 1729**

33.    The VA realleges and incorporates by references the above paragraphs 1 through 32 as though fully set forth herein.

34.    The VA seeks a declaratory judgment declaring that it is owed $333,649.25.

35.    The VA requests a Court Order mandating that Secura issue a check in the amount of $333,649.25, made payable to the United States Department of Veterans Affairs, and mailed to the VA, through counsel, immediately.

## SECOND CAUSE OF ACTION
### Unjust Enrichment

36.     The VA realleges and incorporates by reference the above paragraphs 1 through 35 as though fully set forth herein.

37.     Defendant Secura was enriched by its refusal to pay to the VA that which it owed; namely $333,649.25.

38.     Secura's enrichment was at the VA's expense because the VA is owed $333,649.25 and Secura is statutorily obligated to pay this sum to the VA.

39.     Secura sought to deny the VA the reimbursement to which it was entitled for the care and treatment of Morgan through its refusals to provide relevant information, delay and a misrepresentation of the statute of limitations relevant to the first cause of action.

40.     Secura has refused to provide relevant information on the applicable insurance policies and the amount of insurance applicable; it has refused to pay to the VA what it is owed; it has sought to avoid its statutory obligations to the VA; and it has been unjustly enriched in the amount of $333,649.25 by each of its actions independently or in combination.

### CONCLUSION

41.     The VA is entitled to recover from Secura the reasonable value associated with the medical treatment provided to Morgan in the amount of $333,649.25.

WHEREFORE, Plaintiff demands:

a.      Judgment against Defendant Secura for an amount equal to the reasonable value of the medical care and treatment furnished to U.S. Veteran Jackie R. Morgan as a result of Secura's insureds' negligence, in a sum no less than $333,649.25;

b.      Prejudgment and post-judgment interest as provided by law;

c.      Its costs herein expended; and

     d.      All other relief to which it may appear justly entitled.

Date:  October 5, 2020                       Respectfully submitted,

                                            JEFFREY B. JENSEN
                                            UNITED STATES ATTORNEY


                                            */s/ Jane Berman Shaw*
                                            JANE BERMAN SHAW, #40408MO
                                            Assistant United States Attorney
                                            Eastern District of Missouri
                                            111 South Tenth Street, Rm. 20.333
                                            St. Louis, MO 63102
                                            (314) 539-7727
                                            (314) 539-2196 (fax)
                                            Email:   Jane.Shaw@usdoj.gov