UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4: 20 CV 1436 DDN |
| | ) | |
| SECURA INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on the motion of defendant Secura Insurance to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). (Doc. 11.) Plaintiff United States opposes the motion. (Doc. 19.) The parties have consented to the exercise of plenary authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court grants the motion to dismiss with leave granted to plaintiff to file an amended complaint.

**BACKGROUND**

Plaintiff alleges the following facts in its complaint, which was filed on October 5, 2020. On September 14, 2015, in St. Louis County, Missouri, non-party United States military veteran Jackie R. Morgan was injured in a motor vehicle collision of the vehicle he was driving with the tractor trailer vehicle Donald Clinton Matlock was driving. The tractor trailer was owned by Hall Hauling, LLC. The collision is the subject of Missouri Highway Patrol Accident Report No. 150579214.

Plaintiff alleges that on January 18, 2019, veteran Morgan's legal counsel first notified the Veterans Administration Revenue Law Group ("VARLG"), the group charged with enforcing the Veteran Administration's ("VA") subrogation interests regarding the collision. In this communication, Morgan's counsel described the collision incident thus:

> On September 14, 2015, Mr. Jack Morgan was traveling southbound on Interstate 270 approaching Sappington Road in St. Louis, Missouri, when [Secura's] insured tractor trailer driver attempted to change lanes and struck the left rear side of Mr. Morgan's vehicle. The impact caused Mr. Morgan's vehicle to slide and rotate in a counter-clockwise manner in front of the tractor trailer. Mr. Morgan's vehicle spun into the rear left side of the tractor trailer and then slid off the left edge of the roadway and struck the center concrete traffic barrier. Mr. Morgan's vehicle continued to slide around the Interstate and hit the center concrete traffic barrier a total of five times [from which he sustained injuries to his] cervical and lumbar spine.

(Doc. 1 at 5.) At that time Morgan's counsel requested that the VA accept a reduced amount of what it is owed as a result of the collision. Due to the high cost of Morgan's medical care,[1] the VA determined to obtain relevant information about insurance coverage, information Morgan's counsel stated he had no independent knowledge of.

Plaintiff alleges defendant Secura refused to disclose insurance information to the VA, claiming it was confidential. As a result, on September 11, 2019, the VA sent a demand for payment to both Secura and Morgan's attorney. Secura and Morgan negotiated and/or entered into a settlement without notifying the VA, without including the VA in those conversations, and without reimbursing the VA.

Plaintiff alleges that on September 27, 2019, Secura replied to the VA's demand by refusing to reimburse the VA for the medical expenses it incurred for Morgan's injuries because the statute of limitations had expired on or about September 15, 2018. On November 14, 2019, Secura entered into a settlement with Morgan in which the VA believes Secura paid Morgan $100,000. To date, the VA has received no reimbursement for the $333,649.25 it expended on Morgan's medical treatment as a result of the collision.

---

[1] Plaintiff alleges that as a result of the collision and the resulting injuries sustained by Morgan, Morgan received necessary and reasonable medical treatment at the expense of the Veterans Administration in the amount of $333,649.25. (Doc. 1 at 4, ¶ 17.) Plaintiff alleges it "furnished and paid for the care and treatment Morgan received as a result of Secura's insured's negligence." (*Id.* at ¶ 20.) Hall Hauling and/or its truck driver Donald Matlock were insured at the time of the collision by defendant Secura Insurance under policy number 20A0031388715000 and perhaps other policies. (*Id.* at ¶ 19.)

The complaint alleges claims for reimbursement under 42 U.S.C. § 2651 and 38 U.S.C. § 1729 (collectively "Medical Care Recovery Act" or "MCRA") (Count 1), and unjust enrichment under Missouri law (Count 2).  Plaintiff prays, in part, for judgment against defendant for no less than $333,649.25 for the medical care and treatment it furnished its veteran "as a result of Secura's insureds' negligence." (Doc. 1 at 7.)

## DISCUSSION

In support of its motion to dismiss, defendant argues the complaint fails to state a claim for relief under either count.  It contends the claim for unjust enrichment is not available as a matter of law, and both causes of action are time-barred.  Conversely, plaintiff argues the complaint gives defendant fair notice of the claims and their factual grounds and that it is entitled to plead in the alternative.  It asserts the complaint is not time-barred because the applicable three-year statute of limitations, 28 U.S.C. § 2415(b), was tolled until the VA learned of the situation on January 18, 2019.

Under Rule 12(b)(6), a party may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted.  Fed. R. Civ. Pro. 12(b)(6).  To overcome a motion to dismiss under Rule 12(b)(6) a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet the plausibility standard, the complaint must contain "more than labels and conclusions." *Id.* at 555.  Such a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and it will state a claim for relief that rises above mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing the pleadings under this standard, the Court must accept all of plaintiff's factual allegations as true and draw all inferences in plaintiff's favor, but the Court is not required to accept the legal conclusions plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012).  The Court additionally "is not required to divine the litigant's intent and create claims that are not clearly raised, . . . and it need not conjure up unpled allegations to save

a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (internal quotation marks and citations omitted).

A. Factual bases of the claims

Secura argues that plaintiff fails to sufficiently allege that veteran Morgan's injuries resulted from tort liability. Specifically, it argues plaintiff's conclusory allegations of negligence and causation are not sufficiently pled in the complaint. Conversely plaintiff argues it has alleged sufficient facts to satisfy the legal standard, *i.e.*, defendant's insured's negligence caused a vehicle collision which injured veteran Morgan and necessitated the reasonable, necessary care and medical treatment provided by the government.

The MCRA provides:

> (a) Conditions; exceptions; persons liable; amount of recovery; subrogation; assignment. In any case in which the United States is authorized or required by law to furnish or pay for hospital, medical, surgical, or dental care and treatment . . . to a person who is injured . . . under circumstances creating a tort liability upon some third person . . . to pay damages therefor, the United States shall have a right to recover . . . from said third person, or that person's insurer, the reasonable value of the care and treatment so furnished . . . .

42 U.S.C. § 2651(a). In the context of plaintiff's complaint, the relevant elements of the cause of action based on the MCRA are: (1) the United States is authorized or required by law to furnish or pay for medical treatment, (2) the United States furnished or paid for such medical treatment, (3) the person to whom care was provided was injured; (4) under circumstances creating tort liability upon defendant's insured, and (5) the United States has the right to recover the reasonable value of the care. *See* 42 U.S.C. § 2651(a).

In this case, plaintiff has sufficiently pled that on September 14, 2015, veteran Morgan was injured in a vehicle collision with a tractor trailer vehicle owned by Hall Hauling LLC and driven by Donald Matlock; that veteran Morgan received medically necessary and reasonable treatment and medical care from the VA in the amount of $333,649.25; and that the truck driver involved in the collision and the tractor trailer owned by Hall Hauling, LLC, were insured by defendant Secura at the time of the collision.

The remaining element of plaintiff's statutory claim, *i.e.* the tort liability of defendant's insured, is at the heart of the dispute. Plaintiff has the burden of establishing driver Matlock's tort liability in this case. *See Holbrook v. Andersen Corp.*, 996 F.2d 1339, 1341 (1st Cir. 1993). In this regard, plaintiff's complaint alleges the historical facts of the collision, quoted above, that were provided to plaintiff by legal counsel for veteran Morgan. These facts indicated that defendant's insured, when attempting to change lanes, drove his vehicle into the left rear of veteran Morgan's vehicle causing it to spin and strike the concrete traffic barrier five times, resulting in spinal injuries to veteran Morgan. Plaintiff argues it has alleged that Mr. Matlock's negligence caused veteran's Morgan's injuries. Plaintiff mentions "negligence" in two places, in Complaint ¶ 20, *see* footnote 1 above, and in the prayer of the complaint. There plaintiff alleges the conclusion that the VA expended $333,649.25 "as a result of Secura's insured's negligence." (Doc. 1 at 7.)

The Court agrees with defendant that the complaint's use of the term "negligence" is legally insufficient as an allegation of the essential element of the claim that plaintiff's veteran was injured under circumstances that created tort liability. While negligence is a tort concept, under Missouri law, where the vehicle collision occurred, there are many ways in which the operator of a motor vehicle can be negligent. *E.g.,* Missouri Approved Jury Instructions (Civil), Chapter 17. Plaintiff must more allege more specifically the nature of the tortious act committed by defendant's insured. Further, the description of the collision incident given by legal counsel for veteran Morgan to the VA group, quoted above, is not alleged by plaintiff to be *its* alleged version of the collision. It is alleged only as the statement of counsel about what happened in the incident. Plaintiff must make its own allegation of the circumstances that created tort liability of defendant's insured.

Plaintiff may amend the complaint to satisfy this essential element.

B. <u>Unjust enrichment</u>

Defendant argues that plaintiff's claim for unjust enrichment must fail because as an equitable claim unjust enrichment is not available when there is an adequate remedy in law, as in this case where the same facts are alleged to support the statutory claim.

Conversely, plaintiff argues that legal and equitable claims can co-exist at this stage of litigation.

In support of its argument defendant invokes the rulings in *United States v. Bame*, 721 F.3d 1025, 1030 (8th Cir. 2013) and *CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, 920 F.3d 560, 566-67 (8th Cir. 2019). The relevance of these authorities is limited procedurally. Neither case involved a motion to dismiss; both were decided at a later stage of litigation. In *Bame*, that Court applied Minnesota law and noted "it is true that some district courts are unwilling to dismiss an unjust enrichment claim at the pleadings stage despite the existence of an adequate legal remedy, because the federal rules allow for the pleading of claims in the alternative." 721 F.3d at 1029, 1031; *see* Fed. R. Civ. P. Rule 8(d)(2). Likewise, applying Iowa law in *CMI Roadbuilding* that court recognized that "while alternative theories can be pled, a plaintiff cannot recover from both." 920 F.3d at 566-67. This Court agrees that plaintiff may not ultimately double recover under both theories. However, it will allow plaintiff to pursue the alternative theories at the pleading stage.

C. Statute of limitations as to both claims

Defendant next argues that the complaint fails because both causes of action are barred by the three-year statute of limitations. Conversely, plaintiff argues that neither cause of action is so barred. Plaintiff adverts to its allegation in the complaint that the limitations period was tolled until January 18, 2019, when counsel for veteran Morgan first notified the VARLG of the collision circumstances.

Dismissal with prejudice under Fed. R. Civ. P. Rule 12(b)(6) can be appropriate when the statute of limitations defense is clearly established on the face of the complaint. *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985).

The complaint alleges that the applicable statute of limitations for the MCRA claim is set forth in 28 U.S.C. § 2415. That statute provides: "every action for money damages brought by the United States . . . which is founded upon a tort shall be barred unless the

complaint is filed within three years after the right of action first accrues." 28 U.S.C. § 2415(b).

The parties argue over when plaintiff's claims accrued and if the limitations period was tolled, involving the application of the following statutory language:

> For the purpose of computing the limitations periods established in section 2415, there shall be excluded all periods during which . . . (c) facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances, . . . .

28 U.S.C. § 2415(c).  Untimeliness under a statute of limitations is an affirmative defense. Plaintiff's complaint does not establish on its face that its claims are barred as untimely. This issue is more appropriately decided after relevant discovery and further motion practice.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant Secura Insurance to dismiss the complaint  (Doc. 11) is **sustained, with leave to plaintiff to amend within seven days of this order.**

　　　　　　　　　　　　　　　　　　　　/s/   David D. Noce　　　　　　
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Dated April 6, 2021.